**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------X

RAFAEL CID,                                                          CIVIL ACTION NO. **20CV10054**

                                        Plaintiff,
*on behalf of himself and all others similarly situated*,     **COLLECTIVE ACTION**
                                                                                **COMPLAINT**

                      -against-

BB MANAGEMENT OF NEW YORK CORP.,

                                        Defendant.
---------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of himself and all others similarly situated, as and for a collective action complaint against Defendant, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this collective action on behalf of similarly situated building service employees (the "Collective"), to seek redress for underpayment of minimum wages against Defendant, which owns, manages and/or oversees apartment buildings in and around the City of New York and its metropolitan area.

2. Defendant, by failing to pay Plaintiff and the Collective the federal and state mandated minimum wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq.*

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former building service employees of Defendant since December 2017 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of their lawful minimum wages.

1

4. Plaintiff also brings this action on behalf of himself only for unpaid minimum wages pursuant to NYLL §§ 650 *et seq* and implementing regulations.

5. Plaintiff hereby seeks legal, equitable and declaratory relief against Defendant pursuant to federal and New York statutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff is an adult individual who, at all times relevant to this Complaint, has been a resident citizen of the state of New York, County of New York.

10. At all times relevant to this Complaint, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 651.

11. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

12. Defendant BB Management of New York Corp. ("BB") is a domestic business corporation doing business within the state and City of New York that maintains its principal place of business at 1624 Webster Avenue, Bronx, NY.

2

13. Defendant was at all times herein relevant an enterprise engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and Plaintiff and others worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to pens, papers, two-way radios, hammers, nails, screws, cleaning supplies, computers, office furniture, office equipment, office supplies, telephones, *inter alia*.

## STATEMENT OF FACTS

14. Defendant at all relevant times herein employed Plaintiff as a building superintendent of a 30 unit apartment building in Manhattan.

15. Plaintiff worked for Defendant as a building superintendent from 2008 until present at Defendant's apartment building – 586 West 178th Street, New York, NY.

16. The job duties of Plaintiff and the Collective included, but were not limited to the following: building and mechanical maintenance and repair, general labor; heavy and light cleaning and material moving, trash collection and removal, etc.

17. Defendant had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of Plaintiff and the Collective. Plaintiff and the Collective were paid on a W-2 basis and evaluated by Defendant.

18. At all relevant times, Defendant failed to post and/or keep posted a notice explaining employees' rights under the FLSA**,** in violation of 29 C.F.R. § 516.4.

19. At all times herein relevant, Defendant required Plaintiff and the Collective to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

20. Defendant at all times monitored Plaintiff's and the Collective's compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

21. Throughout the duration of Plaintiff's tenure, Defendant failed to require Plaintiff and the Collective to punch in and out every day in order to track hours worked.

22. During Plaintiff's tenure in Defendant's employ, Defendant paid Plaintiff and the Collective on an hourly basis and Plaintiff generally worked thirty (30) hours per week.

23. Throughout the duration of Plaintiff's tenure, Defendant failed to pay to Plaintiff and the Collective the minimum hourly wage required by law.

24. For example, during the week of 09/03/18-09/09/18, Plaintiff worked Monday through Sunday 7:00 am to 12:00 pm, continuously and without meal period or break, for thirty-five (35) hours.  Defendant paid Plaintiff $185.00 for that week's work. (Attached as Exhibit 1).

25. For example, during the week of 09/10/18-09/16/18, Plaintiff worked Monday through Sunday 7:00 am to 12:00 pm, continuously and without meal period or break, for thirty-five (35) hours.  Defendant paid Plaintiff $185.00 for that week's work. (Attached as Exhibit 1).

26. For example, during the week of 10/12/20-10/18/20, Plaintiff worked Monday through Sunday 7:00 am to 12:00 pm, continuously and without meal period or break, for thirty-five (35) hours.  Defendant paid Plaintiff $225.00 for that week's work. (Attached as Exhibit 1).

27. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL by failing to pay Plaintiff and the Collective the applicable minimum wage for all hours worked each week.

28. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

29. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

30. Throughout Plaintiff's tenure, Defendant provided Plaintiff with pay statements with each payment of wages that did not include the correct hourly rates, number of hours worked and the employer's address, *inter alia*.

## COLLECTIVE ALLEGATIONS

31. Plaintiff brings the FLSA claims on behalf of himself and all similarly situated persons who worked for Defendant as building service employees since December 2017, and received less than the minimum wage for all hours worked each week ("FLSA Collective").

32. Defendant is liable under the FLSA for failing to pay the minimum wage for all hours worked each week to its building service employees, with similar job titles, work locations, pay and duties as Plaintiff.  As such, notice should be sent to the FLSA Collective.

33. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

## FIRST CAUSE OF ACTION: FLSA MINIMUM WAGE (29 U.S.C. §§ 206, 216)
**(On Behalf of Plaintiff and Collective Members)**

34. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

35. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

5

36. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

37. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

38. At all times relevant to this action, Plaintiff and the Collective handled goods which had moved in interstate commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

39. Defendant violated the rights of Plaintiff and the Collective by failing to pay minimum wage for each hour worked, in violation of the FLSA, 29 U.S.C. § 206(a)(1).

40. Defendant's failure to pay Plaintiff and the Collective minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255, as indicated above.

41. Defendant is liable to Plaintiff and the Collective who opt in to this action for their unpaid minimum wage, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION: NY MINIMUM WAGE (Labor Law §§ 652, 663)
**(On Behalf of Plaintiff Only)**

42. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

43. At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of NYLL § 651(5).

44. At all times relevant to this action, Defendant was the employer of Plaintiff within the meaning of NYLL § 651(6).

45. At all times relevant to this action, Defendant failed to pay Plaintiff minimum wage for all

hours worked each week, in violation of NYLL § 652.

46. Defendant willfully violated the rights of Plaintiff by failing to pay minimum wage due and owing for work performed in violation of NYLL, as indicated above.

47. Due to Defendant's NYLL violations, Plaintiff is entitled to recover from Defendant his unpaid minimum wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: NY WAGE THEFT** (Labor Law §§ 195, 198)
**(On Behalf of Plaintiff Only)**

48. Plaintiff repeats the foregoing paragraphs in their entirety.

49. Defendant failed to provide Plaintiff with wage statements with each wage payment that contained all required information, such as hourly pay rates, hours worked and the employer's address, etc.

50. As a result of the foregoing, Defendant violated NYLL §§ 195(3) and Plaintiff is entitled to recover civil penalties and record-keeping violation liability from Defendant for the duration of said violations.

51. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiff.

52. Defendant willfully violated the rights of Plaintiff by the aforementioned course of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as a building service employee, and who Defendant paid less than minimum wage for all hours worked each week. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper compensation;

B. An award of unpaid minimum wage, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL § 663;

D. Certification of this case as a collective action pursuant to 29 U.S.C. § 216;

E. Designation of Plaintiff as representative of the Collective, and counsel of record as Collective Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated:  Brooklyn, New York

November 30, 2020

_____/s/_____
LAW OFFICE OF DAVID WIMS
BY: David C. Wims, Esq. (DW-6964)
*Attorneys for Plaintiff*
1430 Pitkin Ave., 2nd Fl.
Brooklyn, NY 11233
(646) 393-9550