UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RAFAEL CID, *on behalf of himself and all others* :
*similarly situated*,                                            :
                                                                          :
                                    Plaintiff,           :
        -against-                                           :
                                                                          :
BB MANAGEMENT OF NEW YORK CORP.,           :
                                                                          :
                                    Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION AND
ORDER

20 Civ. 10054 (GBD)

GEORGE B. DANIELS, District Judge:

Plaintiff, Rafael Cid, brings this action against Defendant, BB Management of New York

Corporation, alleging minimum wage violations pursuant to the Fair Labor Standards Act

("FLSA") 29 U.S.C. §§ 206, 216, and New York State Labor Law ("NYLL") §§ 652, 663.

(Collective Action Complaint ("Compl."), ECF No. 3, filed Nov. 30, 2020.)   He also alleges wage

theft under NYLL §§ 195, 198.   (*Id.*)   On March 10, 2022, Defendant moved for summary

judgment. (Motion for Summary Judgment, ECF No. 32.)   For the following reasons, Defendant's

motion is granted.

## I.    FACTUAL BACKGROUND

The facts of this matter are greatly undisputed.   Defendant, a building management

company, employs the Plaintiff as the superintendent of a residential building at 586 West 178th

Street, New York, NY (the "Building"). (Compl. ¶ 14.)   The 30-unit Building is not owned by

Defendant. (Def. Statement of Facts Pursuant to Rule 56.1 ("Def. 56.1 Statement") ¶ 8.)   Plaintiff

has been employed as the superintendent since 2008 and works approximately 30 hours a week.

(Compl. ¶¶ 15, 22.)   He has lived in an apartment in the Building with his family since his

employment commenced.  (Def. 56.1 Statement ¶ 9, 16.)  Plaintiff has never paid rent for his apartment because it is part of his compensation as superintendent for the Building.  (*Id.* at ¶ 13, 17.)  In addition to his rent-free apartment, Plaintiff's compensation includes $240 a year for a cell phone and his utilities are covered.  (*Id.* at ¶¶ 121-123.)  Between 2014-2018, Plaintiff was also paid $185 per week in wages, in 2019 he was paid $190 per week in wages, and in 2020 he was paid $225 per week in wages.  (Compl. ¶¶ 22-23; Def. 56.1 Statement ¶¶ 183-189.)

## II.    LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(a).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 113 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A fact is material when "it 'might affect the outcome of the suit under the governing law.'"  *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002*)* (quoting *Anderson*, 411 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).  In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact.  To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).  "Only

admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (internal citations omitted).

## III.   **<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.</u>**

Plaintiff is subject to the applicable wage order for resident janitors which does not violate federal law.

While federal law provides a $7.25 per hour minimum wage, if a state's minimum wage is higher than the federal, FLSA §218 requires the application of the state minimum wage.  29 U.S.C.A. § 218 (West).  In New York, the minimum wage for large employers, like Defendant, is "$15 per hour. . . or such other wage as may be established in accordance with the provisions of this article. . . ."  N.Y. Lab. Law § 652 (McKinney).  The New York law also states that "*[t]he minimum wage orders in effect on the effective date of this act shall remain in full force and effect, except as modified in accordance with the provisions of this article*" *Id.* (emphasis added). New York Department of Labor has promulgated a wage order for workers in residential buildings, like Plaintiff.  N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.2 ("Wage Order"). "Instead of requiring an hourly minimum wage and overtime premium, New York requires employers in the building service industry to pay janitors in residential buildings a weekly minimum based on the number of units in the building, subject to a cap."  *Draskovic v. Oneota Assocs.*, LLC, No. 117CV5085ARRJO, 2019 WL 783033, at *14 (E.D.N.Y. Feb. 21, 2019).  It is undisputed that

Plaintiff lived and worked in the Building and qualifies as a "residential janitor" under N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.5. He is subject to the Wage Order.

Plaintiff principally argues that the Wage Order conflicts with the FLSA and NYLL and is preempted by federal law. (Pl. Memo. of Law in Opp. to Def. Mo. for Summ. J. ("Pl. Br.") at 9.) He asserts that the application of the Wage Order is unconstitutional under the U.S. Constitution's Supremacy Clause and is "*ultra vires*, as NYS is without authority to enact wage legislation with lesser protection than the FLSA." (*Id.* at 9-10.)

During oral argument on Defendant's motion, Plaintiff's counsel insisted that case law existed which held that a law providing a higher wage preempts the Wage Order. (*See* Oral Argument held 5/31/2022 ("OA Tr.") at 41:13-18.) He argued that this issue was properly in federal court because the application of the Wage Order violates the FLSA. (*Id.* at 45:17-46:13.) The Court allowed Plaintiff's attorney one week to submit supplemental authority to support those theories as none was found in his briefing. (*See* May 31, 2022 Minute Entry.) Plaintiff failed to submit anything.

There is no reason for this Court to find that the Wage Order violates the FLSA, which is Plaintiff's sole argument for federal jurisdiction. Separately, Defendant has shown that the rent, utilities, and wage payments it provided were sufficient to meet the federal minimum wage requirements. *See* 29 U.S.C.A. § 203 (West) ("Wage" includes "board, lodging, or other facilities.") This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## IV.   CONCLUION

Defendant's motion for summary judgment is GRANTED.  The Clerk of Court is

instructed to close ECF No. 32 accordingly.

Dated: September 7, 2022
    New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE